HIRAM LOUDERBACK et al., Respondents, v. JOHN
DUFFY, Appellant.

No. 278; June 6, 1864.

**New Trial—Death of Judge—Appeal.**—Where the Record is not
definite in respect to the facts, and the disposition of the motion
for a new trial has been made by a judge other than the trial judge,
then dead, the court on appeal is not justified in overruling the dis-
cretion of the court below.

Wallace & Royle for respondents; T. J. Tucker for ap-
pellant.

SANDERSON, C. J.—This is an appeal from an order
granting a new trial in an action brought under the statute
concerning forcible entry and unlawful detainer. It is im-
possible to determine from the record whether a new trial
ought to have been granted or not. The judge by whom the
cause was tried died before the statement on the motion for
a new trial was settled, and, the attorneys being unable to
agree, his successor was compelled to decide between them
without any knowledge of the facts. This circumstance seems
to have had some influence with him in granting the new trial.

The principal question argued in this court is as to the ad-
missibility of evidence of a certain writ of habere facias pos-
sessionem under which the defendant's landlord was put in
possession of the premises in controversy, and under which the
plaintiffs were dispossessed. This writ was admitted in evi-
dence on the part of the defendant under the exception of the
plaintiffs. The record does not disclose facts sufficient to en-
able us to determine whether the writ was properly admitted.
When the action in which the writ was issued was commenced
does not appear; nor does it appear whether a notice of
lis pendens was filed; nor whether the plaintiffs were in pos-
session before or subsequent to the commencement of the ac-
tion; the only fact which does appear, bearing upon the
question of the admissibility of the writ, is that the writ did
not run against the plaintiffs by name; but non constat that
they did not go into possession, under the defendant in the
action, after the suit was commenced, and after notice of lis

pendens was filed, in which case they would have been bound by the judgment and the sheriff could have lawfully executed the writ against them.

It being impossible to ascertain from the record what the real merits of the motion are, we would not be justified, in view of the manner in which the statement was prepared and settled, in overruling the discretion of the court below, especially in granting a new trial. Under the peculiar circumstances of this case, the granting or refusing a new trial rested very much in the discretion of the court below.

Order affirmed.

We concur: Rhodes, J.; Currey, J.; Sawyer, J.; Shafter, J.